## KUECKEL v. O'CONNOR et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

1. NEGLIGENCE—EVIDENCE—ASSUMED RISK.

Plaintiff, while working at the bottom of a hoistway through which defendants were hoisting merchandise, was injured by a bundle falling on him. Plaintiff had complained to the janitor that the place was dangerous, and testified that he was told by the janitor that he must do the work that day, or some one else would; but the janitor testified that he told him the work need not be done that day. Plaintiff had been told the work was dangerous, and had replied that he was insured. Held, that the risk was assumed.

**2. SAME—EVIDENCE—DIRECTION OF VERDICT.**

   Where, in an action by a servant for injuries, the evidence of both,
parties shows the risk assumed, the direction of a verdict for defendant:
is proper, notwithstanding the fact that, where there is any dispute in
the evidence, the burden of proof as to the assumption of the risk of
employment is upon the defendant.

   Appeal from trial term, Kings county.
   Action by Frank Kueckel against Patrick O'Connor and others.
From a judgment for defendants (73 N. Y. Supp. 546), plaintiff appeals.
Affirmed.
   Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

   Edward P. Lyon, for appellant.
   Robert Thorne, for respondents.

   WILLARD BARTLETT, J.   The plaintiff, who was a carpenter
at work at the bottom of a hoistway through which the defendants
were hoisting bundles of paper to the top of a building, was injured
by the fall of one of these bundles, which slipped out of the sling in
which it was being carried up.   This action is founded on the alleged
negligence of the defendants in so managing the hoisting as to allow
the bundle to fall out of the sling.   The learned trial judge allowed
the case to go to the jury, which rendered a verdict of $3,600 in favor·
of the plaintiff, which verdict was subsequently set aside, and a verdict
directed for the defendants on the ground that the plaintiff had assumed
the risk of working in the place where he was hurt, and was also
guilty of contributory negligence.   I think that the proof on both
sides—that in behalf of the plaintiff himself as well as that in behalf
of the defendants—shows that there was an assumption of the risk
of the employment by the plaintiff which freed the defendants from
liability.   The plaintiff testified that he was at work in the building
putting in a floor directly under the hatchway, and a part of the
wainscoting on the stairs, from 11 o'clock in the morning until 4:20
p. m., before he got hurt.   During that time he knew that men were
hoisting paper over his head.   After a little while he went to see
Mr. Fallon, the janitor of the building, who had hired him to come
there, and he told Mr. Fallon that he was afraid to work there, and
that it was dangerous.   "I told him," the plaintiff says, "that there is
danger of those coming down (meaning the bundles of paper), and
that he had better talk to the man there to be careful."   Later in the
day, not long before the accident happened, one of the men at work
at the hoisting came down, and said it was a dangerous job.   The
plaintiff talked with this man, and said, "Oh, I am insured."   Fallon,
the janitor, who was a witness for the defendants, corroborated the
statement of the plaintiff to the effect that he had declared that he
was afraid to work under the hatchway because men were hoisting
goods upstairs; and Patrick O'Connor, another witness for the de-
fendants, who was one of the men employed in taking up the paper,.
says that he saw the plaintiff as he was going in, 10 minutes, or may
be 20 minutes, before the accident.   The plaintiff was then working·
right under the hatch, and the witness said to him, "You are working·

in a very bad place." To this remark the plaintiff responded, "Oh, I am insured." There is a difference between the plaintiff and Fallon, the janitor, as to what Fallon said when told that the place was dangerous. The plaintiff declares that Fallon told him he would have to do the job on that day, or some one else would be got to do it; while Fallon swears that he told the plaintiff it was not necessary to work that day, and that, if he did work, it would be at his own risk. It seems to me, however, that this controverted question of fact was rightly deemed by the learned trial judge to be immaterial in the proper disposition of the case, in view of the perfectly clear and undisputed evidence to the effect that the plaintiff assumed the risk. Further proof of such assumption is to be found in the testimony of a witness named Birmingham, who was also at work in the hatchway, and who says: "I remember coming in in the morning with O'Connor. When I came in I heard him say to the carpenter, 'You are working in a bad place,' and he says, 'I wouldn't be responsible did anything happen you.' 'Oh,' he says, 'never mind that; I am insured.'" And when called in rebuttal the plaintiff himself confirms the statement of the janitor that after 11 o'clock in the morning he complained that the place was dangerous. It is suggested in behalf of the appellant that, even if he did assume the risk of the employment, it was only such risk as might be incurred by the careful hoisting of bundles of paper by the servants of the defendants; and on this point reference is made to the testimony of the plaintiff where he says, "When some one spoke to me about this being a dangerous place, I told them it was not dangerous if the man was careful." There can be no doubt, however, from the repeated statements of the plaintiff to different persons to the effect that the place was dangerous, that he deemed it an unsafe place in which to work under the existing circumstances as he observed them, and that he elected to work and to continue to work there notwithstanding these obvious conditions. If the proof really left any room for a different conclusion on this subject, the question of the assumption of risk was a question for the jury; but, as the proof was all one way, it was proper to direct a verdict. This is so notwithstanding the fact that, where there is any dispute in the evidence, or room for conflicting inferences to be drawn from the undisputed evidence, the burden of proof as to the assumption of the risk of employment is upon the defendant. Dowd v. Railway Co., 170 N. Y. 459, 63 N. E. 541. In the case cited this language from the opinion of the court by Vann, J., seems directly applicable to the facts of the case at bar:

"The plaintiff impliedly assumed the risk in advance, and his compensation is presumed to have been adjusted on that basis. Before commencing to work at all, he agreed to waive any right of action which he might otherwise have on account of the habitual or occasional negligence of the defendant, known to him before the accident happened. He impliedly agreed to waive the negligence of the defendant, not the results of his own negligence, for a contract is implied only when reasonably necessary, and the law provides for his own negligence without any agreement."

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.